THE INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD
COMPANY v. IRISH.

RAILROADS.—CATTLE PITS.—The duty of placing suitable cattle-pits at the crossings of highways, &c., results from the requirement that a railroad shall be "securely fenced," if the company would avoid liability for animals killed.

SAME.—When the usual and ordinary cattle-pit has been constructed, as near the highway as can conveniently be done, the company is not liable, without proof of negligence, for an injury happening to an animal between the highway and the pit.

APPEAL from the *Madison* Common Pleas.

RAY, J.—This was an action against the appellant for killing a horse while he was running at large along the line of the road. The animal was struck by a locomotive of the appellant at a point on the road a short distance from a public highway, which crossed the railroad track obliquely. A cattle-guard was placed near the crossing. It seems from the diagram introduced in evidence, and the testimony on the trial, that it would have been possible for the appellant to have constructed a cattle-guard immediately along the line of the highway, and crossing the road-bed at the same angle, and to have made a fence therefrom between the railroad and the highway. But the construction of such a cattle-guard would have been unusual, and would have involved a considerable expense and caused great inconvenience to the company in the repair of its road, requiring, perhaps, at that point, the removal of the iron rail, in order to withdraw defective cross-ties and substitute new ones, because the fence which would be required to separate the public road from the track would not leave sufficient space for the withdrawal of the timbers at the side. Nor would there be a sufficient space remaining along the line of the road-bed for the deposit of materials required in the repair of the track. The requirement that cattle-guards shall be placed near public crossings, where a fence cannot be erected, is derived

by construction from the words "securely fenced," used in the statute, and the expense in which railroad companies are required to involve themselves in the construction of such pits should bear some reasonable proportion to the fencing required by the act.

We think, from the evidence before us, that the company has brought itself within the requirements of the statute, having constructed such a cattle-guard as is common, as near to the highway as could conveniently be done. The special statement made by the judge who tried the case below, as the result of his ·personal examination of the premises, cannot be considered, as it is no part of the finding, but was made after the overruling of a motion for a new trial, and is not included in the bill of exceptions. It is not properly in the record.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Davis*, for appellant.

