THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* PARKER.

RAILROADS.—FENCES.—The statute making railroad companies liable for injuries to animals, without proof of negligence, where the road is not fenced, is in the nature of a police regulation, for the security of the public and the preservation of human life.

SAME.—CITIES.—The statute does not apply to injuries done at points where it would be illegal or improper for the railroad company to maintain fences, such as road and street crossings, &c. It is not every place, however, within the corporate limits of a town or city that is within the exception, but only such as it would be improper to fence.

APPEAL from the *Ohio* Common Pleas.

ELLIOTT, J.—*Parker* sued the *Indianapolis and Cincinnati Railroad Company* to recover the value of a young mare and a mule colt, killed by a locomotive on the track of the railroad, and recovered judgment. A motion for a new trial having been overruled, the railroad company appeals.

The only question in the case arises upon the evidence. There is no charge of negligence against the company, or its servants in charge of the train. There was no fence on either side of the track where the animals got upon it and were killed, but it was within the corporate limits of the city of *Lawrenceburgh*, and it is contended by the counsel for the appellant that the company was not required to fence the road within the corporate limits of the city, and is not therefore liable, in the absence of negligence. The statute makes railroad companies, whose roads are not securely fenced, liable for animals killed or injured by their trains, without regard to the question of negligence. The statute is in the nature of a police regulation, intended as a security to the public, and for the preservation of human life, and hence it has been repeatedly held by this court that it does not apply to cases where animals are killed at points on the railroad where it would be illegal or improper that the road should be fenced, such as the crossings of streets or alleys in a city or town, or other public highways, or at

mills, &c., where public convenience requires the way to be left open. See *The Lafayette & Indianapolis R. R. Co.* v. *Shriner*, 6 Ind. 141; *The Indianapolis & Cincinnati R. R. Co.* v. *Kinney*, 8 Ind. 402; *The Indianapolis & Cincinnati R. R. Co.* v. *Oestel*, 20 Ind. 231; *The Indianapolis, Pittsburgh &c. R. R. Co.* v. *Irish*, 26 Ind. 268.

But we are not aware of any case in which it has been held that it is improper for a railroad company to fence any part of its road within the corporate limits of a city or town, or that the statute does not apply to a case simply because it occurs within such corporate limits. The exception only extends to places where it is unreasonable or improper that the road should be fenced, whether within or without the córporate limits of cities and towns. In this case, it appears from the evidence that one side of the improved part of the city of *Lawrenceburgh* is bounded by the line of the *White Water Valley Canal*, and the appellant's railroad runs for some distance along the canal, on the opposite side, and then crosses it on a bridge; that there is a tract of ground lying along the canal, opposite the improved part of the city, used as a fair ground, owned by the *Dearborn County Agricultural Society*, which has been annexed to and included within the limits of said city; that about ten rods back from where the railroad crosses the canal there is a public way, from the city proper, across the canal and railroad into the fair grounds; that from said crossing to where the railroad crosses the canal, at which point the animals were killed, the railroad was not fenced at the time of the accident, nor was there any reason why it was improper that it should be fenced; indeed, it appears in evidence that since said animals were killed, the appellant has constructed cattle guards at the crossing to the fair grounds, and fenced the railroad from thence to the bridge across the canal. We see nothing in the facts of the case to exempt it from the operation of the statute, and hence the judgment must be affirmed.

The judgment is affirmed, with five per cent. damages and costs.

*D. S. Major* and *O. B. Liddle*, for appellant.

*G. B. Fitch*, for appellee.