## THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY *v.* CHRISTY.

RAILROAD.—*Fences.*—*Killing Cattle.*—Railroad companies are not required to fence their tracks at stations and sidings where freights or passengers are received or discharged; nor are they liable to pay for cattle that may wander

upon the track at such places, and be killed without negligence on the part of the company.

From the Hendricks Circuit Court.

*M. A. Osborn*, for appellant.

*S. Claypool*, *C. C. Matson*, and *L. P. Chapin*, for appellee.

WORDEN, J.—Action by the appellee against the appellant for killing a steer on the railroad where it was not fenced, no negligence being charged. Issue, trial by the court, finding and judgment for the plaintiff, a new trial being denied to the defendant.

The facts, as we gather them from the evidence, are these: The animal entered upon the track at Reno Station, in Hendricks county. At this station there is a switch, or side track, thirteen hundred and twenty feet in length, and at or near each end of the switch are cattle-guards, to which the road is fenced, leaving the distance occupied by the switch unfenced. There are a station-house and cattle-pens at the station, along the line of the switch between the termini thereof. Freight and passengers are received and discharged at the station. The animal entered upon the track about midway of the switch.

It is claimed by counsel for the appellant that the company was not required to fence the road at the station, and we are of that opinion. The statute on the subject "is in the nature of a police regulation, intended as a security to the public, and for the preservation of human life; and hence it has been repeatedly held by this court that it does not apply to cases where animals are killed at points on the railroad where it would be illegal or improper that the road should be fenced, such as the crossings of streets or alleys in a city or town, or other public highways, or at mills, etc., where public convenience requires the way to be left open." ELLIOTT, J., in the case of *The Indianapolis, etc., R. R. Co.* v. *Parker*, 29 Ind. 471. A similar question was fully considered in the later case of *The Jeffersonville, etc., R. R. Co.* v. *Beatty*, 36 Ind. 15.

The Indianapolis and St. Louis R. R. Co. *v.* Christy.

It is the business of railroad companies to transport freight and passengers, and for that purpose there must be stations at which freight and passengers may be received and discharged. This necessity is recognized by the statute, which provides that "every such corporation shall start and run their cars for the transportation of persons and property at regular times, to be fixed by public notice, and shall furnish sufficient accommodation for the transportation of all such passengers and property as shall, within a reasonable time previous thereto, offer, or be offered, for transportation, at the place of starting, and the junctions of other railroads, and at siding and stopping places, established for receiving and discharging way-passengers and freight, and shall take, transport and discharge such passengers and property at, from and to such places, on the due payment of tolls, freight or fare therefor." 1 G. & H. 516, sec. 29.

The public convenience, it seems to us, requires that at stations or sidings, where freight or passengers are received and discharged, the approach to the road should be free and unobstructed by a fence; and, therefore, that at such places the company is not required to fence, or, in default thereof, pay for stock that may wander upon the track and get killed without negligence on the part of the company. The statute above quoted makes it the duty of railroad companies, were such not the case in the absence of a statute, to receive and discharge freight and passengers "at siding and stopping places;" and we think that at such places public convenience clearly requires that there should be free ingress to, and egress from, the road. In this case the siding seems to be pretty long, but we cannot say that it is longer than the convenience and necessities of business require.

For these reasons, we are of opinion that a new trial should have been granted.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings.