The Indianapolis, Peru and Chicago R. R. Co. *v.* Lindley.

———•••———

No. 7522.

THE INDIANAPOLIS, PERU AND CHICAGO R. R. Co. *v.* LINDLEY.

RAILROAD.—*Killing Stock.*—*Burden of Proof.*—In an action against a rail-road company for killing stock upon the track of its road, at a place where the road was not fenced. the burden of proof that the road was not fenced at the place of the killing, or at the place of the entry of the animals upon the track, is on the plaintiff; but that it was not the company's duty to fence at such place, was matter of defence.

The Indianapolis, Peru and Chicago R. R. Co. v. Lindley.

SAME.—*Evidence.— Fence.—Street.*—Where, in such case, the evidence shows that the stock was killed between two streets of a city, on the track of the defendant's railroad, not fenced, where a fence might have been built without interfering with any street or alley, or with the customary operations of the road, the company is liable.

From the Marion Superior Court.

*C. B. Stuart, D. Moss* and *R. R. Stephenson*, for appellant.

*W. P. Adkinson*, for appellee.

WOODS, J.—Action by the appellee against the appellant, for the killing of a cow upon the track of the appellant's railroad, at a point where the road was not fenced. Error is assigned upon the overruling of a demurrer to the evidence, offered by the plaintiff. Counsel are agreed that the only question is whether the road ought to have been fenced at the point where the cow was killed. The burden of proof that the road was not fenced at the place. of the killing, or of the animal's entry upon the track, was upon the appellee; but that it was not the company's duty to fence at that place, was matter of defence. *The Jeffersonville, etc., R. R. Co. v. Lyon*, 72 Ind. 107 ; *The Jeffersonville, etc., R. R. Co. v. O'Connor*, 37 Ind. 95 ; *The Jeffersonville, etc., R. R. Co. v. Brevoort*, 30 Ind. 324. That the track of the road was not fenced at the place in question, is clearly shown ; and the evidence falls far short of showing a good reason for not having fenced it. The injury was done at a point on the appellant's road about midway between Seventh and Eighth streets, in the northeastern part of the city of Indianapolis, where the land is level and there is no natural obstruction to fencing. Starting at Seventh street and extending northward beyond Eighth street, the company had a switch or side track, on the east side of its main track, connected therewith at each end. Branching from this side track, at a point north of Eighth street, and running southward to the north line of Seventh, was another switch, owned by Stough-

ton A. Fletcher, Jr., situated on his land, and lying far enough east of the first named side track to permit the building of a fence between them, from one to the other of said streets, without interfering with the passage of cars. Between these streets, on the west side of the road, there was no side track, and a fence along the line of the right of way might have been built, without interfering with any street or alley, or with the customary operations of the road. Between said streets, the company kept no place for receiving or discharging either passengers or freights, loading or unloading cars. A year or more before the killing of the appellee's cow, the company had delivered there material for the construction of the gas-holder, situated at the south end and on the east side of Fletcher's switch, and, beside this, within the five or six years last passed, had unloaded between said streets five or six car loads of lumber, to be used in the construction of buildings near by; and, excepting these things, the only use to which the company had put its said switch had been to stand its cars thereon, or the like, which could have been done as well with, as without, fences and cattle-guards.

The judgment is affirmed with costs.