Pittsburgh, Cincinnati and St. Louis Railway Company *v.* Laufman.

———◆———

No. 8371.

PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY *v.* LAUFMAN.

RAILROADS.—*Duty to Fence, in Towns and Cities.*—Railroad companies are liable for animals killed within towns and cities between the crossings of streets and alleys, if the road could be and is not fenced at the place of the killing.

SAME.—*Exceptions to Rule.*—It is not for the courts to create exceptions to the statutory rule on the subject.

From the Grant Circuit Court.

*N. O. Ross,* for appellant. ·

*R. W. Bailey* and *A. Diltz,* for appellee.

WOODS, J.—The appellee obtained a judgment against the appellant for the value of a horse, killed upon the track of the appellant's road at a point where the same was not fenced; and the question presented for decision is, whether the road ought to have been fenced at the *locus in quo.*

Counsel says: "The precise question that the appellant desires to have settled is this: 'Is a railroad company bound to fence its road where it runs through a populous portion of a town or city, where the ground is laid off into ordinary sized building lots. with streets and alleys between, in order to avoid liability for stock killed, on the ground that the road was not fenced.'"

The evidence in the case consists of an agreed statement of

facts, to the effect that the animal was killed by a locomotive or car, upon the line of the appellant's road and right of way, in the town of Marion, at a point between two parallel streets, and not upon the crossing of a street, or alley, nor in a public place. The distance from one street to the other, along the line of the railroad, which is not at right angles with the streets, is about twenty-five rods. The lots next to the right of way, which, at the place in question, is only fourteen feet wide, were enclosed by fences which extended across the alleys laid out between said streets, making a continuous line of fence on either side of the railway track from one street to the other; so that there was no access to this part of the appellant's track and right of way, except from the streets, and at these there were no cattle-guards or other means to prevent the incursion of animals upon that part of the track.

The principal reason suggested by counsel, why such portions of a railroad should not be deemed to come within the general rule of liability imposed by the law, is, that the numerous cattle-guards which would be necessary would weaken the road-bed, and thereby cause danger instead of averting it. It is a sufficient answer, that there is no evidence in the case that such would be the necessary or probable consequence of putting in the requisite guards, and it can not be judicially known that such would be the result. The statutory rule is, that railroad companies shall be liable for injuries done by their locomotives or cars to animals at places where their roads might be but are not fenced; and it is not the province of the courts to create exceptions to the rule, or to interfere with the legislative policy, upon the ground suggested, or for any like reason. See *The Indianapolis, etc., R. R. Co.* v. *Parker*, 29 Ind. 471; *The Toledo, etc., R. W. Co.* v. *Howell*, 38 Ind. 447; *The Indianapolis, etc., R. R. Co.* v. *Christy*, 43 Ind. 143; *The Indianapolis, etc., R. R. Co.* v. *Lindley*, 75 Ind. 426.

Judgment affirmed, with costs.