No. 8078.

THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY, LESSEE, *v.* JONES.

PRACTICE.—*Pleading.*— *Uncertainty.*—Mere uncertainty in a pleading is not reached by demurrer, but by motion to make specific.

RAILROADS.—*Fences.*—*Cattle-Pits.*—When a railroad company makes gates in its fences to enable a farmer, whose lands lie on both sides, to pass and repass, and does not protect the crossing by cattle-pits, the railroad is not securely fenced, as the statute (R. S. 1881, section 4031) requires.

SAME.—*Stock Killed.*—*Negligence.*—*Evidence.*—There is no question of negli- gence by either party, nor of motive for not securely fencing, involved in a suit for animals killed, under the statute requiring railroads to be fenced, and it is not error to exclude evidence upon these subjects.

From the Delaware Circuit Court.

*A. Zollars,* for appellant.

*M. B. Miller* and *R. S. Gregory,* for appellee.

NIBLACK, J.—This was an action by Benjamin Jones against the Grand Rapids and Indiana Railroad Company, lessee of the Cincinnati, Richmond and Fort Wayne Railroad Company, for killing a horse, and was commenced in the Randolph Circuit Court, from which a change of venue was taken to the court below.

The complaint charged that, in Randolph county, at a point on the railroad operated by the defendant, at which the defendant was bound to erect and maintain a fence along the line of said railroad, but at which the defendant had failed and refused to erect and maintain a fence, and at which said railroad was not then and there securely fenced, the plaintiff's horse, worth $150, went upon the track of such railroad, and that thereupon the defendant ran its engine, locomotive, cars and other carriages against, upon and over said horse, thereby crushing and instantly killing him.

The defendant demurred to the complaint, but its demurrer was overruled. Issue; verdict for the plaintiff; motion for a new trial denied, and judgment on the verdict.

Error is assigned upon the decision of the court upon the demurrer to the complaint, and upon the overruling of the motion for a new trial. The demurrer to the complaint involved more a question of uncertainty in phraseology than of substantial insufficiency, and hence a question which ought to have been raised, if at all, by a motion to have the objectionable part of the complaint made more specific.

At the trial the evidence either established, or fairly tended to establish, the following facts:

That at the point in Randolph county at which the horse was killed, the railroad ran north and south through the lands and farm of one Culp, dividing the farm into two parts; that Culp resided on that part of his farm which was on the east side of the road, and that part of his farm lying west of the road consisted of a field which he cultivated; that a fence had been built along the line of that part of the railroad, to the sufficiency of which, except as to a gate, no

objection was urged; that a gate had been put into and made a part of the fence on the west side of the road at the point at which persons residing upon and cultivating the Culp farm were accustomed to cross and recross said road; that Culp was in the habit of passing and repassing quite frequently through that gate; that on the afternoon of the day before the horse was killed, Culp, in passing through the gate on his way to the west field, found the gate open, and on his return did not close it; that on the same afternoon, the proper section foreman, whose duty it was, amongst other things, to keep all gaps in the fence closed, passed the gate in walking over the road; that he saw Culp going through the gate with a sled, in the direction of the west field, and afterwards saw Culp in that field loading his sled with fodder; that the foreman passed on without closing the gate; that the plaintiff resided on a farm on the west side of the road and adjoining Culp's west field; that in the evening of the 15th day of January, 1878, the plaintiff turned the horse sued for, and another horse, into a field adjoining Culp's west field; that during the night following the horses, either through a gap in, or by jumping over, the partition fence, passed into Culp's field, west of the road, and thence through the gate which was still open, onto the railroad track; that next morning, about four o'clock, a train of cars, belonging to the defendant, while passing over the road in the vicinity of the gate, ran upon and killed the horse.

As to whether, for some time previously, the gate had not been frequently left standing open by some one, and as to the care exercised by persons in charge of the railroad, to keep it closed, were questions concerning which there was some conflict in the evidence.

The defendant, at the proper time, offered to prove in effect:

1. That its employees had used due diligence in trying to keep the gate closed.

2. That the plaintiff had been guilty of contributory negligence in turning his horses into the field adjoining Culp's

west field, on account of the insufficiency of the fence between the two fields.

3. That the gate was erected and put into the fence for the accommodation of one Stratton, who was, at the time it was put in, the owner of the Culp farm.

But the evidence tending to establish these several propositions was all excluded by the court.

There was no question of negligence, whether upon the part of the plaintiff or of the defendant, involved at the trial of this cause. Nor was the motive, which induced the railroad company to put the gate in question into its fence, material as against the plaintiff. The court did not, therefore, err in excluding the evidence proposed by the defendant as above.

The material, and in fact controlling, question in this case is, Did the evidence show that the defendant's line of road was securely fenced at the point at which the plaintiff's horse went upon its track?

The evidence failed to show that the railroad crossing at Culp's farm, to which the gate was merely an auxiliary, was properly protected by cattle-pits. That failure constituted a fatal defect in the defendant's evidence.

No railroad can be said to be securely fenced at an established crossing, where suitable cattle-pits have not been constructed. *New Albany, etc., R. R. Co.* v. *Pace*, 13 Ind. 411; *Indianapolis, etc., R. R. Co.* v. *Irish*, 26 Ind. 268; *Indianapolis, etc., R. R. Co.* v. *Kibby*, 28 Ind. 479; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart*, 36 Ind. 118; *Indianapolis, etc., R. R. Co.* v. *Bonnell*, 42 Ind. 539; *Pittsburgh, etc., R. W. Co.* v. *Eby*, 55 Ind. 567.

There is no question in the record as to the liability of Culp, either to the plaintiff or to the railroad company. As to that, therefore, nothing can be decided, or properly intimated, in this opinion.

In our opinion, there was sufficient evidence to sustain the verdict.

The judgment is affirmed, with costs.