Louisville, New Albany and Chicago Railway Company v. Overman.

---

No. 9937.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. OVERMAN.

RAILROAD.—*Killing Stock.—Pleading.*—A complaint against a railroad company for killing stock, otherwise sufficient, which avers that the animals entered upon the railroad " at a point where said railway was not securely fenced," is good on demurrer.

SAME.—*Proof.—Amendment.—Supreme Court.— Variance.*—A complaint for killing two colts alleged that each was of the value of $100.   The evidence showed the value of one to be $150 and the other $50.

*Held,* that the variance was not material, and could be cured by amendment, which, on appeal, will be considered as having been done.

From the Jackson Circuit Court.

Louisville, New Albany and Chicago Railway Company *v.* Overman.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.
*H. Heffren* and *J. A. Zaring*, for appellee.

FRANKLIN, C.—Appellee sued appellant for the value of two colts killed on its railroad. A demurrer was overruled to the complaint. Trial by the court, finding for the plaintiff, and, over a motion for a new trial, judgment was rendered for the plaintiff.

The errors assigned are the overruling of the demurrer to the complaint, the overruling of the motion for a new trial, and that the complaint was insufficient.

. The complaint reads as follows:

"Oliver Overman complains of the defendant, The Louisville, New Albany and Chicago Railway Company, and says that the defendant is and was, on the —— day of February, A. D. 1881, a corporation under the general laws of the State of Indiana, owning and possessed of a railway, locomotives, engines and trains of carriages or coaches attached thereto, running into and through the county of Washington and State of Indiana, upon a certain line of railway then and there belonging to said defendant, by its servants so conducted said engines and trains that the same were run and driven against two colts belonging to the plaintiff; that said locomotive, engine and train of cars were so driven as aforesaid against both of said animals aforesaid at the same time, thereby injuring and killing the said two colts at the same time, to the damage of the plaintiff in the sum of $200; that is to say, that each of said colts was of the value of $100. Plaintiff further says that said engine and train was driven against said two colts as aforesaid at a point along the said line of railway in Washington township, in said county of Washington aforesaid; and that said colts entered upon said track and road of said railway company at a point where said railway was not securely fenced, although it was the duty of the said defendant to maintain a good and sufficient fence at said point. Wherefore plaintiff demands judgment for $200 and all other proper relief."

The only objection to the complaint suggested by appellant's counsel, is that it does not sufficiently negative the fact that the railroad was " securely fenced in." The complaint avers that the " colts entered upon said track and road of said railway company at a point where said railway was not securely fenced," etc. We think this is sufficient. There was no error in overruling the demurrer to the complaint.

The reasons for a new trial are that the finding of the court is not sustained by sufficient evidence, is contrary to law, and that the damages are excessive. We have examined the evidence and think it fully sustains the finding of the court, and that the finding is not contrary to law.

Appellant's counsel insist that the damages are excessive, owing to the alleged fact that there is a variance between the allegations in the complaint and the evidence.

The complaint alleges that the colts were both killed at the same time, to the damage of the plaintiff in the sum of $200, " that is to say, that each of said colts was of the value of $100," and claims judgment for the sum of $200 ; judgment was rendered for that sum. The proof was that one of the colts was worth $150 and the other $50. The plaintiff recovered no more than was claimed in the complaint and proven upon the trial. The variance did defendant no harm ; after the evidence was heard the plaintiff might have amended his complaint to correspond with the proof, and in this court the amendment will be considered as having been made. *Phœnix Mutual Life Ins. Co.* v. *Hinesley*, 75 Ind. 1 ; *Grand Rapids, etc., R. R. Co.* v. *Jones*, 81 Ind. 523.

Appellant's counsel discuss a question as to overruling a motion to tax costs. There is no such question properly presented in the record. It is not embraced in the assignment of errors ; being an independent subsequent motion, it could not be included in either of the specifications filed.

We find no available error in this record. The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing

opinion, that the judgment below be and it is in all things affirmed, with costs.

Petition for a rehearing overruled.