The Louisville, New Albany and Chicago Railway Company *v.* Quade.

Filed Nov. 7, 1883.

---

No. 10,842.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* QUADE.

RAILROAD.—*Killing Stock.*—*Fencing.*—*Complaint.*—*Demurrer.*—In an action against a railroad for killing stock, the complaint alleged that the defendant, while running its cars over the road, at a place where their road was not securely fenced, ran over and killed certain stock; that at the place where such stock entered on the defendant's road was not at the crossing of any public highway or in the corporate limits of any city or town, but was at a place where the company was required by law to fence and could have fenced. On demurrer,

*Held,* that the complaint did not aver that the road was not fenced securely at the place where the stock entered.

SAME.—*Presumption of Law.*—If the place at which the stock entered was one which the road was required to fence and was capable of being fenced, as alleged, the presumption is that the company had done its duty in regard to fencing it.

From the Jasper Circuit Court.

*W. F. Stillwell,* for appellant.

*J. N. Wallace,* for appellee.

NIBLACK, C. J.—Action by Julius Quade against the Louisville, New Albany and Chicago Railway Company for killing live-stock. The action was commenced in the White Circuit Court, and taken upon a change of venue to the Jasper Circuit Court. The complaint was in two paragraphs.

The first paragraph charged that on the 7th day of May, 1882, at the county of White, and State of Indiana, the defendants, while running a train of cars over their line of road in said county of White, "at a place where their road was not securely fenced, ran over and killed, with their engine and cars, one mare and yearling colt, the property of the plaintiff, of the value of two hundred and twenty-five dollars; that at the place where said mare and colt entered on the defendant's road was not at the crossing of any public highway, street crossing, or within the corporate limits of any city or incorporated town, but was at a place where the company were required by law to fence their road, and at a place where they could have fenced their said road."

The second paragraph charged the defendants with running their train of cars over, and, in the same county, killing a heifer belonging to the plaintiff, of the value of forty dollars, on the 5th day of January, 1882.

Separate demurrers were overruled to both paragraphs of the complaint. Issue; trial by the court; finding and judgment for the plaintiff for one hundred and ninety dollars.

It is claimed that the first paragraph of the complaint can not be construed as averring that the place at which the mare

and colt entered upon the railway track was not securely fenced, and that for that reason the demurrer to that paragraph ought to have been sustained.

This appears to us to be a well grounded objection. It is averred that the mare and colt were *killed* at a place at which the road was not securely fenced, and that the point at which they entered upon the road was a place where the company were required by law to fence their road, and where it could have been fenced; but these allegations do not amount to an averment that the road was not securely fenced where the mare and colt went upon it. These animals may have gone upon the road at a point at which it was securely fenced, and been killed where it was not so fenced. In such an event the company was not liable for the killing. *Bellefontaine R. W. Co.* v. *Suman*, 29 Ind. 40; *Jeffersonville, etc., R. R. Co.* v. *Brevoort*, 30 Ind. 324; *Toledo, etc., R. W. Co.* v. *Howell*, 38 Ind. 447; *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 72 Ind. 107.

If the place at which the animals entered was one at which the company were required to keep a fence, and was a place capable of being fenced, the inference ought rather to be that the company had done their duty in regard to fencing the road.

We see no ground upon which the sufficiency of the paragraph in question can be maintained.

The judgment is reversed with costs, and the cause remanded for further proceedings.

HAMMOND, J., was absent.

Filed Nov. 8, 1883.