Filed June 25, 1884.

---

No. 10,792.

THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY
v. TRETTS.

PRACTICE.—*Motion to Strike Out.*—*Harmless Error.*—The refusal to strike out part of a complaint is a harmless error.

RAILROADS.—*Fencing.*—*Killing Stock.*—In a suit, under the statute, against a railroad company for killing stock, the material question is as to the fence at the place where the animals entered, and not at the place where they were killed.

The Wabash, St. Louis and Pacific Railway Company v. Tretts.

SAME.—*Duty to Fence Road.*—The obligation of a railroad company to fence its track exists except at places where a fence would impair the use of private property or the rights of the public, and it includes the duty of maintaining cattle-guards where they are necessary and proper to prevent access from intersecting highways.

PRACTICE.—*Evidence.—Bill of Exceptions.*—To present any question to the Supreme Court as to admitting evidence, objection must be specifically stated to the court below and shown by bill of exceptions.

SAME.—*Interrogatories to Jury.*—The court may refuse to send interrogatories to the jury which the attorney of the opposite party has had no opportunity to see until after he has closed his argument.

From the DeKalb Circuit Court.

*C. B. Stuart, W. V. Stuart* and *J. E. Rose,* for appellant.

*C. Emanuel,* for appellee.

ELLIOTT, C. J.—This action was brought by appellee to recover the value of a mare, alleged to have entered upon appellant's track at a point where it was not fenced, and to have been killed by the appellant's locomotive.

A motion to strike out part of the complaint was overruled, and this ruling is assigned as error. Many cases decide that such a ruling, even though erroneous, will not warrant a reversal.

The place of entry is the material question in cases of this character. If animals enter at a place where the railroad company was bound to fence, the company is liable, although they were killed at a point where the company was under no duty to fence. *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 72 Ind. 107 ; *Ohio, etc., R. W. Co.* v. *Miller,* 46 Ind. 215 ; *Jeffersonville, etc., R. R. Co.* v. *Avery,* 31 Ind. 277 ; *Indianapolis, etc., R. R. Co.* v. *Adkins,* 23 Ind. 340. There was some conflict in the evidence in this case as to whether the place where appellee's mare entered upon the railroad track was one which the company was bound to fence, but we do not feel at liberty to disturb the verdict. It appears that the predecessor of appellant had for nine years kept the fence along the track where the mare entered, and that appellant had suffered it to become insecure. This, in connection with other evidence in

the case, warranted the jury in inferring that the place was one which might have been fenced.

The statute makes no provision as to the places which may be left unfenced, but the courts, recognizing the necessity of excepting streets of towns and cities, and places where the business of the railroad companies demands that no fences be made, have engrafted exceptions upon the statute. These exceptions have been made, not to advance the private interests of railroad corporations, but to promote the public good by enabling the corporations to discharge their duty to the public. These exceptions exist only in cases where a necessity is shown. It was said in *Pittsburgh, etc., R. W. Co.* v. *Laufman,* 78 Ind. 319, that "it is not the province of the courts to create exceptions to the rule, or to interfere with the legislative policy, upon the ground suggested, or for any like reason." The ground referred to by the court was, that as the track was through a town numerous cattle-guards would weaken it. Many cases are cited, and we add *Indianapolis, etc., R. W. Co.* v. *Thomas,* 84 Ind. 194, where it was said: "For the exception is made because the general public have an interest in the proper operation of such great means of traffic and transportation, and not because the interests of the railroad corporation will be promoted." It must always appear from the evidence that there was a sufficient reason for not obeying the statute. The court said in *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426: "That the track of the road was not fenced at the place in question, is clearly shown; and the evidence falls far short of showing a good reason for not having fenced it." Again, it was said in *Wabash, etc., R. W. Co.* v. *Forshee,* 77 Ind. 158: "But whenever a railroad campany can build and maintain such a fence, without interfering with the rights of the public or with the free use of private property, then it is bound to maintain the fence, whether it be in a city, or village or in the country. *The Ohio, etc., R. W. Co.* v. *Rowland,* 50 Ind. 349."

Where cattle-guards are necessary to keep animals from

the track, it is the duty of railroad companies to construct them, unless some sufficient reason is shown excusing them from the performance of this duty. In *Grand Rapids, etc., R. R. Co.* v. *Jones*, 81 Ind. 523, the court said : " No railroad can be said to be securely fenced at an established crossing, where suitable cattle-pits have not been constructed." It was said in another case : " It is as much the duty of the appellant to fence against animals on the highway as against animals in adjoining fields or woods." *Evansville, etc., R. R. Co.* v. *Barbeé*, 74 Ind. 169, *vide* authorities cited, p. 173.

In order to save questions upon rulings admitting evidence, specific objections must be stated to the trial court and incorporated in the bill of exceptions. *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98).

In so far as the sixth instruction asked by appellant stated the law correctly, it was embodied in the instructions given at the request of the appellant and those given by the court on its own motion. There was, consequently, no error in refusing the instruction designated.

After the argument had commenced, appellant presented to the court interrogatories, and requested that they should be propounded to the jury, but the court denied the request. It is not shown at what stage of the argument they were presented, but it is affirmatively shown that the counsel for appellee had no opportunity to see them until after he had concluded his argument. We think the court did right in refusing appellant's request. *Glasgow* v. *Hobbs*, 52 Ind. 239.

Judgment affirmed.

Filed June 25, 1884.