Fort Wayne, Cincinnati and Louisville Railroad Company v. Herbold.

Filed Dec. 16, 1884.

---

No. 11,099.

FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD
COMPANY v. HERBOLD.

RAILROADS.—*Killing Stock.*—*Fencing.*—*Highway.*—Where cattle enter upon the track of a railroad at a highway, at a place where it is the duty of the company to maintain a fence, and are killed or injured, the company is liable if there was no secure fence.

SAME.—If the place is one that can not be fenced without interfering with the business of the company in the discharge of its duty to the public, or is one which can not be fenced without interfering with the use of a

highway, or where a fence would endanger the safety of employees in the management and running of its locomotives and trains, the company is not required to fence.

SAME.—*Cattle-Guards.*—Where cattle-guards are necessary to prevent animals from entering upon the track from a highway, and fences can not be maintained, it is the duty of the company to maintain proper cattle-guards, provided it does not interfere with the duty the company owes to the public and the safety of its employees.

SAME.—*Burden of Proof.*—In an action for damages for stock killed, the burden of showing that the place is one which can not be fenced, under the above conditions, is upon the railroad company.

SAME.—*Liability.*—Where, at a highway crossing, cattle-guards are placed sixty feet from the boundary of the highway, and it is not shown by the railroad company that the guards, if placed at the boundary of the highway, would interfere with the use of the highway or endanger the safety of persons operating or managing the trains, or would obstruct the transaction of the company's business, or the discharge of its duty to the public, it is liable under the statute for animals killed by its engines or cars, and which entered upon its track from the unfenced space between the highway and the cattle-guards. That it would be difficult or expensive to enclose is no excuse.

From the Delaware Circuit Court.

*W. H. Coombs, R. C. Bell, S. Morris, O. J. Lotz* and *F. Ellis,* for appellant.

*C. W. Moore* and *G. H. Koons,* for appellee.

ELLIOTT, J.—The appellee instituted this action to recover the value of a cow injured and a heifer killed by the locomotive and cars of the appellant. The action is founded upon the statute making it the duty of railroad companies to fence their roads, and imposing a liability for animals killed or injured because of the failure to perform this statutory duty.

Our decisions settle some general principles which apply to this case, and which it is proper to declare at the outset constitute the law governing the case.

If animals enter upon the roadway at a place where it was the duty of the railroad company to fence, and are killed or injured, the company is liable if there was no secure fence at that place. *Wabash, etc., R. W. Co.* v. *Tretts,* 96 Ind. 450; *Lake Erie, etc., R. W. Co.* v. *Kneadle,* 94 Ind. 454; *Louisville,*

*etc., R. W. Co.* v. *Quade,* 91 Ind. 295 ; *Louisville, etc., R. W. Co.* v. *Overman,* 88 Ind. 115 ; *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 72 Ind. 107 ; *Toledo, etc., R. W. Co.* v. *Howell,* 38 Ind. 447.

If the place is one that can not be fenced without interfering with the business of the company in the discharge of its duty to the public, or if the place is one which can not be fenced without interfering with the use of a highway, then there is no obligation to fence resting upon the company. *Indiana, etc., R. W. Co.* v. *Leak,* 89 Ind. 596 ; *Indianapolis, etc., R. R. Co.* v. *Kinney,* 8 Ind. 402 ; *Lafayette, etc., R. R. Co.* v. *Shriner,* 6 Ind. 141 ; *Bellefontaine R. W. Co.* v. *Suman,* 29 Ind. 40; *Indianapolis, etc., R. R. Co.* v. *Christy,* 43 Ind. 143.

If the company can not fence at the place where the animals entered without endangering the safety of the persons engaged in the management and running of its locomotives and trains, it is absolved from the statutory duty of fencing. *Lake Erie, etc., R. W. Co.* v. *Kneadle, supra; Evansville, etc., R. R. Co.* v. *Willis,* 93 Ind. 507.

Where cattle-guards are necessary to prevent animals from entering upon the roadway, and fences can not be built, then it is the duty of the company to construct proper cattle-guards, provided the place is one where, under the rules just stated, it is practicable to do so. *Wabash, etc., R. W. Co.* v. *Tretts, supra; Whitewater R. R. Co.* v. *Bridgett,* 94 Ind. 216; *Grand Rapids, etc., R. R. Co.* v. *Jones,* 81 Ind. 523; *Evansville, etc., R. R. Co.* v. *Barbee,* 74 Ind. 169 ; *Indianapolis, etc., R. R. Co.* v. *Irish,* 26 Ind. 268 ; *Pittsburgh, etc., R. R. Co.* v. *Ehrhart,* 36 Ind. 118 ; *Indianapolis, etc., R. R. Co.* v. *Bonnell,* 42 Ind. 539 ; *Louisville, etc., R. W. Co.* v. *Porter,* 97 Ind. 267.

The statute does not, in terms, make any exceptions to the duty to fence, but the courts have recognized the existence of exceptions, casting, however, the burden of showing that the place is one which, under the rules stated, can not be fenced, upon the railroad company claiming an exemption from the general statutory rule. *Wabash, etc., R. W. Co.* v. *Tretts, su-*

pra; *Louisville, etc., R. W. Co.* v. *Clark,* 94 Ind. 111; *Lake Erie, etc., R. W. Co.* v. *Kneadle,* 94 Ind. 454; *Terre Haute, etc., R. R. Co.* v. *Penn,* 90 Ind. 284; *Pittsburgh, etc., R. W. Co.* v. *Laufman,* 78 Ind. 319; *Indianapolis, etc., R. W. Co.* v. *Thomas,* 84 Ind. 194; *Indianapolis, etc., R. R. Co.* v. *Lindley,* 75 Ind. 426; *Wabash R. W. Co.* v. *Forshee,* 77 Ind. 158; *Ohio, etc., R. W. Co.* v. *Rowland,* 50 Ind. 349.

Where there is evidence upon all the material points fairly tending to support the verdict, it will not be disturbed.

The evidence satisfactorily shows that the animals injured entered upon the railroad at a point where it was not fenced, and were struck by one of the appellant's locomotives, so that the only question in the case is whether the company has shown, by a preponderance of the evidence, that the place was one which it was not its duty to fence.

Near the place where the animals entered upon the track, it obliquely crosses a highway known as the Granville turnpike, and crosses it at very sharp angles, so that, in order to fully pass the lines of the turnpike, a train must traverse a distance of ninety feet. A cattle-guard was constructed across the railroad track at right angles and connected with a fence, but this guard was located sixty feet and four inches north of the north line of the highway, thus leaving a considerable piece of ground " pocket shaped," as the witnesses described it, not protected. The evidence was conflicting as to whether the cattle-guard was or was not placed at a point where it would best keep off cattle, but we can not say that there was not evidence sustaining the finding of the jury upon this question. It is not enough, as our decisions declare, to build fences or construct cattle-guards, but they must also be constructed so as to be reasonably well adapted to keep animals from entering upon the track. It is obvious that where cattle-guards are improperly constructed or unsuitably located, the railroad can not be said to be " securely fenced in," and this is what the statute in express terms requires of railroad companies. R. S. 1881, sec. 4031. It is no doubt true that railroad

companies are not held to the exercise of extraordinary diligence and care, but they certainly are held to the exercise of ordinary care, prudence and diligence in the location and construction of fences and cattle-guards.

We do not think the evidence shows that to have located the cattle-guard nearer the line of the turnpike would have endangered the safety of its agents or servants, or have interfered, in the sense intended by our decisions, with the transaction of its business. There was no depot, nor was there any switch in the vicinity of the highway, nor any mill or factory from which freight was received, or at which freight was discharged; all that the evidence shows is that there was a highway crossing of a somewhat unusual character. This fact does not authorize the conclusion that the company was not bound to " securely fence in " its track. Something more than this must be shown in order to escape the performance of the statutory duty.

The only plausible ground upon which it can be argued that the company was not bound to place a cattle-guard nearer the line of the highway is, that to have done so would have made the use of the highway unsafe, but this ground falls away when the evidence is examined. We agree with counsel that the company had no right to place fences or guards in such a position as to make the use of the highway dangerous. The exception created by the courts respecting highways is, however, not to advance the private interests of the company, but to protect the public. *Wabash, etc., R. W. Co.* v. *Tretts, supra; Indianapolis, etc., R. W. Co.* v. *Thomas*, 84 Ind. 194; *Pittsburgh, etc., R. W. Co.* v. *Laufman*, 78 Ind. 319. Nor does the exception operate to exonerate the company simply because the place is difficult to fence.

In *Indianapolis, etc., R. R. Co.* v. *Parker*, 29 Ind. 471, it was said: " The exception only extends to places where it is unreasonable or improper that the road should be fenced." Nor is the exception available to the company upon the sole ground that it would be difficult and expensive to " securely

fence in " the road. *Wabash, etc., R. W. Co.* v. *Tretts, supra; Indianapolis, etc., R. R. Co.* v. *Lindley, supra; Pittsburgh, etc., R. W. Co.* v. *Laufman, supra; Pittsburgh, etc., R. W. Co.* v. *Thomas, supra; Ohio, etc., R. W. Co.* v. *Rowland,* 50 Ind. 349.

The appellant's counsel argue that the company was exonerated because it was not practicable to build the cattle-guard at a place different from that selected, but the broad meaning which they assign to the word " practicable" is not one which our cases recognize. It is the duty of the company to construct such guards wherever needed, except in the cases which are recognized as exceptions to the statutory rule.

A railroad company is liable where it places a cattle-guard at the wrong place. *Jeffersonville, etc., R. R. Co.* v. *Morgan,* 38 Ind. 190. In that case it was said : " We are also of the opinion that it was the duty of the appellant, to protect itself from liability, to have placed a cattle-guard at the north side of the Salem road, and fenced the road on either side north. The cow-gap was placed at the wrong place. It should have been at the intersection. It being one hundred and eighty feet north of the intersection, and connected with field fences on either side of the railroad track, and there being nothing at the intersection to prevent stock from going on the track, it created an excellent trap for stock."

Counsel say that the law does not require that a diagonal cattle-guard should be constructed along the line of the highway, where the railroad crosses it obliquely, and refer us to the case of *Indianapolis, etc., R. R. Co.* v. *Irish,* 26 Ind. 268. That case, however, does not support the position of counsel, for there it appeared that the cattle-guard could not have been differently placed without seriously interfering with the company in repairing its road. That case goes further than any other case in our reports, but it can not be made to cover the present without further extending its doctrine, and this we are unwilling to do. It is not shown that it would have seriously

interfered with the work of repairing the road to have placed the guard nearer the line of the highway.

We do not think the question in this case is, whether the company was bound to place a diagonal guard close along the line of the highway ; but that the question is, whether the cattle-guard, which crosses the railroad at right angles, was located so as to securely " fence in the track." The jury having passed upon this question, and there being evidence fully sustaining their finding on this point, we can not disturb it. Whether a cattle-guard is properly located or not must, in a great measure, depend upon the facts of the particular case, and where the evidence fairly sustains the verdict, it will not be disturbed.

Judgment affirmed.

Filed Dec. 13, 1884.