The Chicago and Eastern Illinois Railroad Company v. Modesitt.

No. 14,243.

THE CHICAGO AND EASTERN ILLINOIS RAILROAD COM-
PANY v. MODESITT.

SUPREME COURT.—*Questioning of Answer by Assignment of Error.*—An an-
swer can not be questioned for the first time in the Supreme Court.

RAILROAD.—*Injury to Animals.*—*Construction of Cattle-Guards.*—*Opinion Evi-
dence.*—In an action to recover for the value of horses killed on the
track of a railroad, the opinion of an expert witness that the construc-
tion of a cattle-guard under the track at the place where the horses en-
tered upon it would render the use of the tracks dangerous, is inadmis-
sible.

SAME.—*Maintaining Fence.*—*Burden of Proof.*—In such action the burden
is upon the defendant to show affirmatively that the place where the
animals entered was one that it could not fence without endangering the
safety of its employees.

From the Vigo Superior Court.

*W. H. Lyford* and *L. D. Thomas,* for appellant.

*I. N. Pierce* and *W. W. Rumsey,* for appellee.

ELLIOTT, J.—The appellee seeks to recover the value of
three horses killed on the track of the appellant, near the
village of Atherton, in Vigo county.

The answer of the appellant was not challenged, in any
form, in the trial court, and it can not be successfully as-
sailed here for the first time. The statutory provision per-
mitting a pleading to be questioned by an assignment of er-
rors in this court does not apply to answers.

The appellant offered to prove, by expert witnesses, what
would be the effect of putting a cattle-guard under the tracks
at the place where the horses entered upon the track, and
the court excluded the offered evidence. There was no er-
ror in this ruling. The appellant was entitled to prove the
condition of the tracks, their location, the use made of them,
and like facts, but it was not entitled to the opinion of a
witness that the construction of a cattle-guard would make
the use of the track dangerous. The ruling of the trial

The Chicago and Eastern Illinois Railroad Company *v.* Modesitt.

court is sustained by the decision in the case of *Indiana, etc., R. W. Co.* v. *Hale,* 93 Ind. 79. It is also sustained by the general rule that a witness can not express an opinion upon the point which it is the duty of the jury to determine. The case under consideration is not of the same class as the cases of *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18; *Carthage Turnpike Co.* v. *Andrews,* 102 Ind. 138. In the case of *Indianapolis, Peru, etc., R. W. Co.* v. *Crandall,* 58 Ind. 365, the evidence offered tended to establish a material fact, and was not a mere expression of opinion. It was for the jury to determine from the facts established by the evidence whether the company was excused from putting in a cattle-guard for the reason that it would make it dangerous to use the track, and it was not a question for opinion evidence.

The case is a close one upon the evidence, and it is probably true that the case made by the appellant is the stronger; but we can not say that there is not evidence sufficient to support the verdict. The burden of showing that the track could not be guarded by cattle-pits, or fences, without endangering the safety of its employees, was on the defendant; for the statute makes no exceptions, but declares, in general terms, that it is the duty of a railroad company to fence its track. The court has, however, so construed the statute as to engraft upon it some exceptions. It was, therefore, incumbent upon the appellant to show affirmatively that the place where the animals entered was one that it could not fence without endangering the safety of its employees. *Pittsburgh, etc., R. W. Co.* v. *Laufman,* 78 Ind. 319; *Fort Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91, and cases cited p. 93; *Evansville, etc., R. R. Co.* v. *Tipton,* 101 Ind. 197.

The doctrine declared in the case of *Cincinnati, etc., R. R. Co.* v. *Jones,* 111 Ind. 259, warrants an affirmance of this judgment.

Judgment affirmed.

Filed June 3, 1890.