RHINES v. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

1. **Railroads:** DEFICIENT FENCE : STOCK KILLED : EVIDENCE UNDER INSTRUCTIONS. In an action for double the value of horses killed on defendant's track, where they were alleged to have gone by reason of a deficient fence, there was no evidence to show that they entered through the opening in the fence rather than at a deficient cattle-guard, except the fact that the last point to which they were traced was nearer to the opening than to the cattle-guard. *Held* insufficient to sustain a verdict for plaintiff on the cause of action pleaded, where the court instructed that he could not recover unless he proved that they entered through the opening. [BECK, J., *dissenting*].

2. **Appeal:** INSTRUCTIONS : REVIEW. The instructions given on the trial are the law of the case for the jury, and the appellee in this court cannot be heard to say that they are wrong, in order to avoid a reversal on the ground that the verdict of the jury is in conflict therewith.

3. **Railroads:** DUTY TO FENCE DEPOT GROUNDS : QUESTION FOR JURY. The law is that railroads are required to be fenced when it is fit, proper and suitable, in view of the public convenience ; and depot grounds may be uninclosed when the interests of the road and of the public require it ( *Latty v. Burlington, C. R. & M. Ry. Co.*, 38 Iowa, 250 ); but whether a part of depot grounds which was not the ordinary place for receiving and delivering freight, but where the freight business of a single shipper was transacted, should be left uninclosed, was a question of fact for the jury.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

FILED, OCTOBER 23, 1888.

ACTION to recover double the value of two horses which plaintiff alleges were killed on defendant's railway track, by a passing train, at a point where it had the right to fence its track against live stock running at large, but where it had failed to maintain a fence sufficient for that purpose. Verdict and judgment for plaintiff. Defendant appeals.

*Hubbard & Dawley,* for appellant.

*W. H. Stivers* and *J. G. Strong,* for appellee.

REED, J.—I. The injury occurred in defendant's yard, at Tama City. The yard was inclosed by a fence, which, as originally constructed, was sufficient to turn live stock. The railway was intersected immediately west of the yard by one of the streets of the town, and in the original construction of the road a cattle-guard was built in the track at that point, but it was afterwards planked over. An opening, about fifteen feet in width, had also been made in the fence on the north side of the yard some time before the injury, and this remained open at the time. The horses entered the yard either through this opening or at the unguarded street-crossing. Plaintiff's theory is that they entered through the opening. True, it is not expressly alleged in the petition that that was the point of entrance. But it is alleged that the injury was occasioned by the defendant's failure to maintain a sufficient fence, and the damages sought to be recovered is double the value of the property; and if the street-crossing had been the place of entrance, the injury would have been occasioned, not by the failure to maintain a sufficient fence, but by the failure to maintain a cattle-guard, and in that case plaintiff would not have been entitled to recover more than the actual damages. *Moriarty v. Cent. Iowa Ry. Co.,* 64 Iowa, 696. The court instructed the jury, in effect, that plaintiff was not entitled to recover unless he had proven that the animals entered the yard through the opening. The verdict of the jury then necessarily implies a finding that the animals entered the yard through the opening; and the first question argued by counsel is whether that finding is supported by the evidence. The recovery, it is proper to say, was for double the value of the animals. There was no direct evidence as to which was the place of entrance, but plaintiff sought to establish his theory by the circumstances. It was proven that the horses went

1. RAILROADS: deficient fence: stock killed: evidence under instructions.

upon the track from the north (which was the side towards the opening), at a point about three hundred feet from the opening and about one thousand feet from the street-crossing; but they could not be tracked from that point to either the crossing or the opening, and they could have reached it as readily from one as the other. The question, then, is not as to what facts were proven, for as to them there was no conflict or dispute, but is whether the conclusion essential to the establishment of plaintiff's claims for double damages can be drawn from them. When the facts and circumstances from which that conclusion must be deduced, if at all, are examined, all that can be said of them is that they are consistent with plaintiff's theory. But they are also equally consistent with the other theory, viz., that the place of entrance was at the street-crossing. How, then, can it be said that plaintiff's theory is proven? The finding of the jury, we think, lacks the support of evidence. The question as to the place of entrance under the evidence was matter of mere conjecture, and on that state of facts plaintiff was clearly not entitled to recover double the value of the property.

But it was contended that, under the statute (Code, sec. 1289), it was necessary only for plaintiff to prove the injury to his property, and that when that fact was proven the burden was on defendant to prove that the injury was not occasioned by the want of a sufficient fence. But we cannot go in to that question. The district court took the opposite view, and instructed that the burden on that question was on plaintiff, and, that view being favorable to defendant, its appeal does not bring the question here for review. The exception taken to the instruction is not that it does not correctly express the law, but that, assuming its correctness, the evidence presented no question for the jury. It is therefore not reviewable on this appeal. But the only question presented in that connection is whether, assuming that it is correct, the verdict can be sustained, and we think it cannot.

2. APPEAL: instructions: review.

II. The only other question in the case is whether

Rhines v. The Chicago & N. W. Ry. Co.

defendant was bound to maintain a fence on the
north line of its yard. The district court

**3. RAILROADS:**
**duty to fence**
**depot**
**grounds:**
**question for**
**jury.**

submitted that question to the jury, to be
determined by them as one of fact. We
think that was correct. The opening was
made for the accommodation of a single shipper.
Ordinarily, goods were received and delivered at another
yard, or, more properly, at another place in the same
yard, but outside of the inclosure. At a time when the
streets were in a bad condition it was more convenient
for that particular shipper, whose place of business was
immediately north of the inclosed yard, to receive his
goods within the inclosure, and the opening was made
for that purpose. The law is that "railroads are
required to be fenced when it is fit, proper and suitable, in
view of the public convenience, and depot grounds may
be uninclosed when the interest of the road and public
require it." *Latty v. Burlington, C. R. & M. Ry. Co.*, 38
Iowa, 250. But whether the public convenience and the
interest of the road require that the grounds in question,
which, as we have seen, were not the ordinary place for
receiving and delivering freight, should be left unin-
closed, was a question of fact, and was properly left to
the jury.                                  REVERSED.

BECK, J. (*dissenting*). In my opinion there is no
such absence of evidence to support the finding of the
jury as to require this court to reverse the judgment.
The fact cannot be doubted that plaintiff's horses were
upon the railroad track. Conceding the position of the
opinion that the measure of plaintiff's damages is deter-
mined by the fact whether the animals went upon the
track in one place or another, I think it cannot be said
that there was no evidence upon which the jury may
have found the fact as they did find it. The place of
the entrance of the animals is an incidental matter, a
circumstance which may be inferred from the other cir-
cumstances and facts in the case. I do not think there
was an entire absence of circumstances to support the
inference drawn by the jury. In my opinion the judg-
ment of the district court ought to be affirmed.