Filed April 3, 1891.

---

No. 34.

The Jeffersonville, Madison and Indianapolis Railroad Company et al. *v.* Peters.

Railroad.—*Fencing Right of Way.*—*Liability for Animals Killed Within City Limits.*—*Statute Unrepealed.*—The acts of April 8th and April 13th, 1885, relating to the fencing of railroad rights of way, do not repeal the prior statute (section 4025 *et seq.*, R. S. 1881), making railroad companies liable for injury to stock within the corporate limits of a city.

Same.—*Action for Stock Killed.*—*Fence.*—*Burden of Proof.*—In an action by the owner to recover the value of a horse, when it is shown that at the place where the animal went upon the track and was injured the road was not fenced, the burden is upon the company to show, in order to escape liability, that at that place the company was not legally bound to maintain a fence.

Same.—*Obligation to Fence.*—*Question of Law, not of Fact.*—Whether or not

the company is obliged to fence its road at a given point is a question of law and not of fact.

SAME.—Where the nearest objects to the place at which a horse went upon the main track within the city limits and was injured were a building one hundred and seventy-five feet north, a crossing one hundred and seventy-five feet south and a yard track sixty feet east, the ground adjoining the main track being unoccupied, the situation and surroundings are not shown to be such that a fence could not be maintained without interfering with the company's business, or with the proper discharge of its duty to the public, or without endangering the safety of the company's employees, and the company was bound to maintain a fence.

From the Clark Circuit Court.

*S. Stansifer,* for appellants.

*G. H. Voight,* for appellee.

REINHARD, J.—The appellee brought this action before a justice of the peace for the value of a mare alleged to have been injured by a locomotive running on the railroad of appellants within the corporate limits of the city of Jeffersonville. The case was appealed to the circuit court where upon issues joined it was submitted for trial to the court on an agreed statement of the facts. The trial court found in favor of the plaintiff who is the appellee here. A motion for a new trial was made by the appellants and overruled by the court, and from that decision this appeal is prosecuted by them.

The only subject presented for our consideration is the correctness of the decision of the lower court in overruling the motion for a new trial.

The animal injured went upon the track of appellants' railroad at a point within the city limits where the road was not fenced. The contention of appellants is:

*First.* That the acts of April 8th and April 13th, 1885, repeal the law making railroad companies liable for injury to stock within the corporate limits of a city.

*Second.* That even if this were not so there would still be no liability, because at the particular place where the animal

walked upon the track and was struck the appellants were not legally bound to maintain a fence.

The first proposition has been decided adversely to the claim of the appellants in the case of *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93.

This is fully conceded by appellants' counsel in his brief, but he asks the Supreme Court, to which this cause had been appealed and from which it was transferred to this court under the act of February 28th, 1891, to reconsider the questions there decided and overrule that case. We have examined the question discussed and decided in that case and being fully satisfied of the correctness of the conclusions there reached are unwilling to make a ruling in conflict therewith. We, therefore, pass to the consideration of the second proposition.

The liability of the appellants in this case depends, of course, upon whether they were under legal obligation to fence the track at the point where the animal entered upon the same.

We fully agree with the counsel for appellee that the burden of proof is upon the appellants to show that the situation and surroundings are such as to bring them within one of the exceptions to the rule which requires them to fence. *Cincinnati, etc., R. W. Co.* v. *Parker,* 109 Ind. 235; *Fort Wayne, etc., R. R. Co.* v. *Herbold,* 99 Ind. 91. That the courts do recognize many exceptions to this general rule, although the statute itself does not, in terms, contain any of these, is well settled by authority. *Fort Wayne, etc., R. R. Co.* v. *Herbold, supra.* The general character of these exceptions and the authorities in support thereof are elaborately discussed in the able opinion of the court in that case, and we quote so much of that opinion as is illustrative of the point.

" If the place is one that can not be fenced without interfering with the business of the company in the discharge of its duty to the public, or if the place is one which can not

be fenced without interfering with the use of a highway, then there is no obligation to fence resting upon the company. *Indiana, etc., R. W. Co.* v. *Leak*, 89 Ind. 596; *Indianapolis, etc., R. R. Co.* v. *Kinney*, 8 Ind. 402; *Lafayette, etc., R. R. Co.* v. *Shriner*, 6 Ind. 141; *Bellefontaine R. W. Co.* v. *Suman*, 29 Ind. 40; *Indianapolis, etc., R. R. Co.* v. *Christy*, 43 Ind. 143.

" If the company can not fence at the place where the animals entered without endangering the safety of the persons engaged in the management and running of its locomotives and trains, it is absolved from the statutory duty of fencing. *Lake Erie, etc., R. W. Co.* v. *Kneadle*, 94 Ind. 454; *Evansville, etc., R. R. Co.* v. *Willis*, 93 Ind. 507."

The question is, have the appellants brought themselves within the scope of either of these exceptions?

Whether a company is or is not obliged to fence its road at a given point is a question of law and not of fact. 1 Thompson Neg., p. 522, and authorities cited.

Where, therefore, the point at which the animal entered upon the track and its surroundings have been clearly established, it then becomes a question purely legal in its character, whether or not the company is bound to fence.

In this case the place at which the horse went upon the track and was injured is on the main line of appellants' road in the city of Jeffersonville. At that point the track is not used for any purpose other than the passing of trains coming in and going out. There is no building, station or siding near the point where the animal entered. The nearest building is " North Tower," which is one hundred and seventy-five feet north of this point. It is not a passenger or freight station. There is another track of appellants' road coming out of the yard and running for a short distance nearly parallel with the main line at the point where the animal entered. This track intersects the main line at " North Tower " which, as we have seen, is one hundred and seventy-five feet from the point under consideration, and the nearest point to this yard track is sixty feet distant. The first cross-

ing of the main line south of the point of entrance is Lo-
cust street, which is also about one hundred and seventy-
five feet distant. The first crossing north is Tenth street
which is still north of and beyond "North Tower." We
have then, as the nearest objects, the. "North Tower," one
hundred and seventy-five feet north, the crossing on Locust
street, one hundred and seventy-five feet south, and the yard
track, sixty feet east. The ground adjoining the main track
on both sides, so far as we are able to learn from the map
submitted and the agreed facts, is not occupied for any pur-
pose. We do not think it appears with sufficient certainty
that the situation and surroundings are such that a fence
could not be maintained at the point under consideration
without interfering with the companies' business transactions
or with the proper discharge of its duty to the public, or
without endangering the safety of the companies' employees
or those engaged in operating the trains; and as it is the
duty of appellants, as we have seen, to make this clear in
their proof we do not regard the finding of the lower court
on this question as improper or unwarranted.

Appellants further contend that the point under consid-
eration was within the switch limits of the road, and that,
therefore, they were not bound to fence. The authorities
cited by them on this point do not sustain them in their
claim. We think the answer to the question whether a rail-
road company is bound to fence within such limits or not
depends altogether upon the peculiar circumstances of each
case, and no general rule can be laid down that will cover
every case which falls within that broad and comprehensive
term "switch limits." Such limits in the case at bar would
embrace the entire scope of territory over which the appel-
lants' road extends within the boundaries of the city of Jef-
fersonville, and we can not say without evidence clear and
positive that these entire limits fall within some of the ex-
ceptions to the general rule requiring the road to be fenced.
Neither does it appear as urged by appellants' counsel that

the track at the point where the animal entered was used for "station grounds, or approaches, or inclosed lands used for switches, side-tracks or turn-outs," and hence the authorities cited from the Am. & Eng. R. R. Cases do not apply.

We find no error which would authorize us to disturb the judgment of the lower court.

Judgment affirmed, with costs.

Filed April 3, 1891.