Filed June 25, 1891.

---

No. 182.

## STEWART v. THE PENNSYLVANIA COMPANY.

RAILROAD.—*Stations.*—*Duty of Fencing.*—Railroad companies are not re-
quired to fence their tracks at stations where passengers are received
or discharged.

SAME.—*Occasional Use of Station as Such.*—Although the station is used
as such only at irregular intervals, by picnic parties and for camp-
meetings, it is still a station within the meaning of the law, and the
company is not required to fence its track.

From the Morgan Circuit Court.

*J. V. Mitchell*, for appellant.

*S. O. Pickens*, for appellee.

ROBINSON, J.— The appellant commenced this action
against the appellee before a justice of the peace to recover
the value of a mare killed by one of the appellant's trains
on the Indianapolis and Vincennes Railroad.

The case was appealed to the circuit court, and there tried
by a jury, which returned a special verdict, upon which the
court rendered judgment for the appellee.

The action was under the statute to recover on the ground that the appellee had failed to fence its track where the mare entered upon it.

But one error is assigned, viz. : The court erred in rendering judgment for the appellee on the special verdict of the jury.

Under the special verdict of the jury the material and important facts found, to which it becomes necessary to refer, in the determination of the questions involved in the case, are " that the mare entered upon the railroad track immediately east of the south end of the passenger platform at Bethany Park Station ; that this platform is 251 feet long, extending north from the intersection of a public highway with the railroad track at the south end of the platform referred to ; that Bethany Park Station is a station on appellee's railroad, used as such at times of camp-meeting, for a period of about three weeks in each year, and occasionally by picnickers ; that tickets are sold at all regular stations on the appellee's railroad for Bethany Park Station ; that it is also a freight station for such packages of freight as may occasionally be prepaid thereto ; " that the diagram or map in the record, and made a part of the special verdict of the jury, correctly shows the situation and surroundings of the station in question.

The law defining the duty of railroad companies as to fencing their tracks at stations and sidings where passengers and freight are received and discharged, and exempting railroad companies from liability on account of stock killed, without negligence on the part of the company, which may wander upon the railroad track at such places, is now so well established as to require the citation only of the following cases as the latest decisions of the Supreme Court upon that question : *Indiana, etc., R. W. Co.* v. *Quick*, 109 Ind. 295 ; *Bechdolt* v. *Grand Rapids, etc., R. R. Co.*, 113 Ind. 343.

The counsel for the appellant concedes in argument that if Bethany Park was a station on appellee's railroad within

the meaning of the law as held in the cases cited and in the many cases in harmony with those cited previously decided by the Supreme Court, relieving railroad companies from fencing station grounds, then under the facts found the appellant was not entitled to recover. But it is insisted by the appellant that under the facts found by the jury it is not shown that Bethany Park was a station on the appellee's railroad.

The fact that Bethany Park Station is only used as such for a period of three weeks during the holding of camp-meetings at Bethany Park Assembly Grounds and occasionally by picnic parties, we do not think sustains the proposition that Bethany Park was not in fact a station on appellee's railroad; nor does it affect the question as to the duty of appellee to fence its road at the point where the mare entered upon the railroad track.

Under the authorities cited the question is clearly settled that railroad companies are not required to fence their tracks at stations where passengers are received or discharged. The number of passengers or the amount of freight that may be received at such station, or what trains stop to receive and discharge freight and passengers at such station, or whether such station may be a convenience to the public one season of the year more than another, or whether it may be used for the convenience of the public for the discharge of passengers and freight at a certain season of the year, can not affect the question of the duty of fencing the track at such station by the railroad company.

A railroad station is a public place, where the public have the right to go, and for the convenience of the public station grounds, platforms and places where passengers can get on or off trains, and where freight may be shipped and received, must be open and accessible to the public; but the fact that the number of passengers or amount of freight received and discharged varies with the different stations on the different lines of railroads can not affect the question in-

volved in the case at bar, and although the jury found that a fence could not be maintained at the point where the mare entered upon the track without interfering with the use by defendant of its track in the management and operation of its road and conducting its business and without inconvenience to the public, this finding of the jury can not override and control the fact they found, "that Bethany Park was a station for receiving and discharging passengers and freight," and the other facts found showing the location of the station and the situation of the platform, highway and passenger shed; for it seems that the question is settled under the authorities cited, that when it appears that the place in controversy was a station where passengers and freight are received and discharged, as a question of law, the company is absolved from the duty of fencing the road at that place.

This court, in a recent case by REINHARD, J., held, "Whether a company is or is not obliged to fence its road at a given point is a question of law and not of fact. Where, therefore, the point at which the animal entered upon the track and its surroundings have been clearly established, it then becomes a question purely legal in its character, whether or not the company is bound to fence." *Jeffersonville, etc., R. R. Co.* v. *Peters,* 1 Ind. App. 69.

The court committed no error in rendering judgment for the appellee on the special verdict of the jury.

Judgment affirmed, with costs.

Filed June 24, 1891.