T. R. KARR, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

1. **Railroads**: INJURY TO STOCK: PLACE OF KILLING: EVIDENCE. Where, in an action for the recovery of double damages for killing a colt on a railway track, the defendant's engineer and fireman, the only persons who saw the accident, testified that the colt, when struck by their engine, was upon a highway crossing, and they were contradicted only by circumstances testified to by other witnesses, *held*, that the jury had the right to weigh the circumstantial evidence against that of the engineer and fireman, and that a verdict not in accord with their testimony would not be disturbed on appeal.

2. ———: ———: EVIDENCE. Although the defendant in such action could not be bound by an admission of its section foreman, *held*, that there was no prejudice in permitting the plaintiff, as a witness, to state that the section foreman pointed out the place where the colt was struck, since the witness was not permitted to state what the foreman said.

3. **Instructions**: PARTIAL STATEMENT OF LAW: CHARGE CONSIDERED AS A WHOLE. Although an instruction erroneously stated that to entitle the plaintiff to recover, he need prove only certain things, but other portions of the charge fully and correctly stated the conditions upon which alone the plaintiff could recover, so that the jury could not reasonably have been misled, *held*, that the error was without prejudice.

*Appeal from Marion District Court.*—HON. A. W. WIL-
KINSON, Judge.

THURSDAY, JANUARY 26, 1893.

ACTION to recover double the value of a colt alleged
to have been injured and rendered worthless by a loco-
motive engine of the defendant at a point on its railway
where the right of way was not fenced, but where the
right to fence existed.   There was a trial by jury, and
a verdict and judgment for the plaintiff.   The defend-
ant appeals.—*Affirmed.*

*Cummins & Wright,* for appellant.

*S. F. Prouty,* for appellee.

ROBINSON, C. J.—In October, 1889, a colt owned
by the plaintiff was so injured by a locomotive engine
of the defendant that it was killed by section hands.
The chief controversy in the case is in regard to the
place on the defendant's railway where the colt was
struck by the engine.   The plaintiff contends that the
place was a few feet west of a highway crossing where
the right to fence existed, but where there was no fence.
The defendant contends that it was on the crossing, and
that the evidence to that effect was so direct and posi-
tive that the jury were not authorized to find that it
was elsewhere.

I.   The accident occurred about five o'clock in a
dark, rainy morning, and was seen only by the engi-
neer and fireman of the engine which
caused it.   The evidence of the engineer
was given in the form of an affidavit for a
continuance made by an agent of the defendant, and
the fireman appeared and testified in court.   The evi-
dence of the engineer is to the effect that the colt was
on the crossing when the engine, which was going

1. RAILROADS: injury to stock: place of killing: evidence.

eastward, struck it, and that it was carried through the wing fence connected with the cattle guard on the east side of the highway. The fireman testifies that the colt was struck while on the crossing, but he does not know how far it was carried. When found several hours afterwards, it was fifty yards or more east of the crossing, but it had probably walked or dragged itself a part of that distance. The appellant contends that, as the evidence of these witnesses is contradicted only by circumstances which are not conclusive in their nature, the verdict should not have been permitted to stand, and as supporting its claim cites *Meade v. K. C., St. J. & C. B. Railway Co.*, 45 Iowa, 699; *Rhines v. Chicago & N. W. Railway Co.*, 75 Iowa 597; *Asbach v. Chicago, B. & Q., Railway Co.*, 74 Iowa, 248, and other cases. We do not think the rule of those cases is applicable to the facts in this case, as they may have been found by the jury. Witnesses who examined the colt, and the track and fence in the vicinity of the accident, testify substantially as follows: At points a few feet west of the cattle guard, which is west of the crossing, were found tracks which the colt probably made, and "scrapes" in the roadbed and at the sides of the rails, indicating that the colt had been dragged along the track. The wing fence at the north end of the cattle guard, on the west side of the crossing, was inclined eastward. On the ends of the ties, and on the wing fences, both west and east of the crossing, was horsehair like that of the colt. The colt was thrown off on the north side of the railway, and the tracks west of the crossing indicated that the greater part of its body was north of the center of the track when it was struck. This testimony was not only in conflict with that of the engineer and fireman in regard to the place of the accident, but, if true, it authorized the jury to find that the place must have been west of the crossing, and at a point where defendant had a right

to fence.   The jury found that such was the case, and we can not say that their verdict is not sustained by the evidence.

II. The plaintiff, while testifying as a witness, was asked: "Who pointed out to you the place where the animal was struck, as you went down there on the hand car?"   He answered, "Mr. Vanderkalk."   He was then asked, "Who is he?" and answered, "The section foreman."   The defendant objected to each question, and now complains of the ruling of the court in receiving the answers.   The admission of the foreman would not have been competent evidence against the principal, nor proof of the fact in controversy, but the answers seem to have been admitted on the theory that they might be preliminary to material testimony.   They could not have been prejudicial, for the reason that the plaintiff was not permitted to state what the foreman said, and did not claim to know the place of the accident.

*2. ——: ——: evidence.*

III. The appellant complains of the fourth paragraph of the charge, which instructed the jury that, "under the statute of this state every railway corporation operating a railway, if it fails to fence its track against live stock running at large, at all points where such right to fence exists, is liable to the owner of any such stock injured or killed by reason of the want of such fence for the value of the property or damage caused, unless the same was occasioned by the willful act of the owner or his agent; and, to entitle such person to recover, it is only necessary for such owner to prove the injury to or destruction of his property.   *   *   *"   The part complained of is the last sentence of the quotation.   The entire paragraph was designed to be a brief statement of the law, which entitles the stock owner to recover of the railway corporation in a case of this kind, as con-

*3. INSTRUCTIONS: partial statement of law: charge considered as a whole.*

tained in section 1289 of the Code. The part of which complaint is made is a paraphrase of a portion of the statute, and, in legal effect, is the same. It is not true, however, that to entitle the stock owner to recover, it is only necessary for him to prove the injury to or destruction of his property. In *Manwell v. Burlington, C. P. & N. R'y Co.*, 80 Iowa, 666, it was said of that portion of the statute, that it was not designed to dispense with all proof on the part of the property owner, excepting in regard to the injury to or destruction of his property, but only to enable him to make a *prima facie* case by proving fewer facts than would be necessary but for the statute. Therefore, if the fourth paragraph of the charge had been designed to instruct the jury fully as to what the plaintiff was required to prove in order to recover, it would have been erroneous. But, it is apparent from the charge, as an entirety, that the paragraph in question was not intended for that purpose, and that the jury could not have so understood it. The petition states all facts which were necessary to constitute a cause of action against the defendant, and the substance of the allegations therein contained was fully set out in the charge. The jury were told that the burden was upon the plaintiff to establish those allegations by a preponderance of the evidence. They were also instructed in regard to the right of the defendant to fence its right of way, and the effect of a failure to do so. They were also told, in substance, that the plaintiff could recover only in case it appeared that the colt, while running at large, passed onto the track of the defendant by reason of its omission or neglect to inclose its right of way with a sufficient fence, and while so upon the track, at a point where the defendant had a right to fence, was struck and injured by its engine. We think the charge was not misleading, and that the matter of which the defendant complains could not have been prejudicial.

The judgment of the district court is AFFIRMED.