# OCTOBER TERM, 1895.[*]

:39 LRA 407

SCHNEEKLOTH *v.* CHICAGO & WEST MICHIGAN RAILWAY CO.

1. RAILROAD COMPANIES—KILLING STOCK—CONTRIBUTORY NEGLIGENCE.

One who permits his horse to run at large near the place where a railroad track is unfenced is guilty of contributory negligence, precluding a recovery for the killing of the horse by a passing train, unless it was the duty of the company to maintain a fence at that point.

2. SAME—STATION GROUNDS—DUTY AS TO FENCES.

A place at which trains stop whenever there are passengers or freight to be received or delivered is exempt, as station grounds of the company, from the statute requiring it to fence its right of way, although no agent or depot building is maintained there.

Error to Muskegon; Dickerman, J. Submitted December 5, 1895. Decided December 24, 1895.

Case by Otto Schneekloth against the Chicago & West Michigan Railway Company to recover for the loss of a horse killed upon defendant's track. From a judgment for plaintiff, defendant brings error. Reversed.

*Smith, Nims, Hoyt & Erwin*, for appellant.

*Stephen H. Clink*, for appellee.

HOOKER, J. The accompanying diagram will show the situation of the defendant's premises where plaintiff's horse was killed. The triangular piece of land at the intersection of the highways, inclosed by a line marked

[*] Continued from Vol. 107.

"Fence" upon the southwest side, and by dotted lines upon the east and north sides, is claimed to be station grounds.

The plaintiff turned his horse loose, allowing him to wander upon the highway (which there was nothing to prevent), shortly before the accident, and he went upon the track and was injured. This was contributory negligence, and should defeat the plaintiff, unless defendant's failure to perform the statutory duty of maintaining a fence should permit a recovery.

Station grounds are exempt from the operation of the statute requiring fences, and the proofs show that the place where the horse was killed was the usual place of stopping trains, and was known as "Sweet's Station." If not outside of the provisions of the statute, it is because no depot building had been built there; the station being

a flag station, and no agent kept there.   The proof shows that this was a regular stopping place for trains when there were passengers or freight to be delivered, or express or freight to be taken, and that trains stopped daily.   A flag pole and flag were provided.   The distance between cattle guards was about 170 feet.   This included the alleged station grounds and the width of two highways, about one-fourth of which was not within the limits of the highways.   As this would be but little if any more than the length of a single car, it is apparent that fences and cattle guards would be elements of inconvenience and danger, if placed on the south and west sides of the respective highways.   We think these were station grounds, within the meaning of this statute, and that there was no obligation upon the company to maintain fences. *McGrath* v. *Railroad Co.*, 57 Mich. 555.

The judgment of the circuit court is reversed.

The other Justices concurred.