## Chicago, South Bend and Southern Indiana Railway Company v. Ness.

### [No. 8,335.   Filed May 20, 1914.]

1. RAILROADS.—*Injury to Animals on Tracks.—Complaint.—Sufficiency.*—A complaint for damages for the loss of a horse killed on defendant's track, alleging defendant's failure to fence the track by reason of which the horse was enabled to enter thereon and that the horse was then and there "run against and killed by one of the cars of said defendant company, managed, operated and controlled by said defendant company's servants", was not open to the objection that it failed to show that defendant's servants were at the time acting in the line of their duty. p. 288.

2. RAILROADS.— *Injury to Animals on Tracks.— Action.— Failure to Fence Tracks.—Answers to Interrogatories.*—In an action against a railroad company for damages for the loss of a horse killed on defendant's tracks, where the complaint charged a failure by defendant to fence its tracks, answers by the jury to interrogatories showing that before the road was put in operation the unenclosed portion of its road had been selected as a place to receive and discharge passengers, but that it had not been so used except that in rare instances a few passengers had been let on or off cars on the line of a highway crossing a portion of the ground so selected, were insufficient to show defendant within any exception relieving it from maintaining a fence at such place, and were not in conflict with a verdict for plaintiff. p. 288.

3. RAILROADS.—*Injury to Animals on Tracks.—Failure to Fence Tracks.—Evidence.—Sufficiency.*—In an action against a railroad company for damages for the loss of a horse killed upon an unenclosed portion of the track evidence showing the unenclosed condition of the track whereby the horse entered and was killed was sufficient to sustain a verdict for plaintiff, although it appeared that prior to the completion of the road the particular place had been designated as a place for receiving and discharging passengers, where it further appeared that no station had ever been erected, that the place had not been designated as a regular stop, and that for all practical purposes the highway crossing the tracks at that point was an ordinary stop on an interurban road with nothing but a sign and the crossroads to indicate it.  p. 290.

4. RAILROADS. — *Fencing Tracks. — Statutory Requirements. — Exemption from Liability.*—The law contemplates that a railroad company will comply with the statute requiring the fencing of tracks, except in cases where fencing would interfere with the

business and operation of the company, the safety of its employes in the discharge of its duty to the public, the convenience of the public, or where the use of some public highway or grounds would be prevented or interfered with by a strict compliance. p. 291.

5. RAILROADS. — *Fencing Tracks. — Statutory Requirements. — Exemption from Liability.—Burden of Proof.*—The exception whereby strict compliance with the statutory provisions for fencing railroads is not exacted is read into the statute by the courts to give practical working effect to the statute, and a company relying upon such exception to exempt it from liability for failure to fence has the burden of proving it is within such exception. p. 291.

6. RAILROADS.—*Fencing Tracks.—Exemption from Liability.*—The use made by a railroad company of its unenclosed ground furnishes the reason for excepting it from the statutory requirement to fence its track at that particular place, and the exception does not exist unless the use bringing the company within the exception exists. p. 291.

7. APPEAL.—*Review.—Evidence.—Sufficiency.*—A verdict can not be disturbed on the evidence on appeal if there is evidence to support the finding on all material points. p. 292.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by John Ness against the Chicago, South Bend and Southern Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank E. Osborn, W. A. McVey, Lee L. Osborn* and *Harry R. Wair,* for appellant.

*Ellsworth E. Weir* and *H. W. Worden,* for appellee.

FELT, J.—Appellee brought this action under §5707 Burns 1914, Acts 1903 p. 426, to recover damages for the loss of a horse alleged to have been killed by one of appellant's cars on its right of way where the same was not securely fenced. The complaint is in one paragraph to which a demurrer for want of facts was overruled. Issues were joined by general denial and by a special answer which alleged that the place where the horse entered upon appellant's right of way was station grounds and not required to be fenced. A trial by jury resulted in a verdict for appellee

for $150. With its general verdict the jury returned answers to interrogatories. Appellant's motions for judgment on such answers, and for a new trial, were overruled and judgment rendered on the verdict. The several rulings are assigned as error and relied on for reversal.

The complaint in substance charges that appellant is an Indiana corporation; that on, and for more than a year prior to November 4, 1909, it owned, controlled and operated an interurban railroad in the State of Indiana, using electricity, by overhead trolley system, for motive power; that said railway extends over certain described lands, in Laporte County, Indiana, and across section 29, at the place in controversy; that the railway was constructed on a private right of way owned by appellant which intersects a public highway running north and south on the west side of the section; that for a distance of twenty rods running northeast from said highway, appellant's right of way adjoins and is south of a highway known as the Chicago road; that for more than a year prior to November 4, 1909, said company failed and neglected to build and maintain fences on both sides of said private right of way sufficient and suitable to turn and prevent cattle, horses, mules, sheep, hogs and other stock from getting on said road from a point where said right of way intersects said north and south highway, and also failed and neglected to construct and maintain any barriers or cattle guards sufficient to prevent such live stock from geting on said interurban road at the point where said road intersects said north and south highway; that on that day plaintiff owned a horse of the value of $250 which horse by reason of the failure of appellant to build, construct and maintain fences and cattle guards as above set forth, entered upon said interurban road at a point where appellant had failed to build and maintain fences and cattle guards as by law required, and as above set forth, and was then and there while on said road run against and killed by one of the cars of said company which

was then and there managed, operated and controlled by its servants, without any fault on the part of appellee and to his damage in the sum of $250.

Objection is urged to the complaint on the ground that it does not show that the servants of appellant in charge of the car that struck and killed appellee's horse, were

1. acting in the line of their duty. The complaint charges that the road was owned, operated and controlled by appellant, and that appellee's horse entered upon the right of way where the same was not fenced, and was "run against and killed by one of the cars of said defendant company, managed, operated and controlled by said defendant company's servants." The allegations when fairly construed are sufficient to show that said servants were at the time acting in the line of their duty, and as this is the only objection seriously urged against the complaint we hold that it states a cause of action under §5707 Burns 1914, *supra,* and the court did not err in overruling the demurrer thereto.

Appellant claims the answers to the interrogatories are in irreconcilable conflict with the general verdict, in that

2. they show that the place where the horse entered upon the road was station ground and not required to be fenced. The answers, in substance, show that the road had been in operation for more than a year when the horse was killed; that the company carried passengers from the "immediate vicinity of the intersection of said north and south highway and said Chicago road"; that appellant received and discharged some of its passengers east of the east line of said north and south highway; that it also received and discharged passengers in and upon said north and south highway; that before it began to operate the road, appellant selected a portion of its road in front of Bement's residence as a place "to take on and let off passengers"; that the place so selected had not been used for that purpose from the time it was so selected;

that said Bement's residence was situated south of appellant's right of way and the Chicago road and east of said north and south road and faced the Chicago road. These answers show the selection of a "portion of its said railroad" as a place to receive and discharge passengers and that the place so selected had not been used for that purpose since it was so selected. The answer showing that some passengers had been received and discharged east of the line of the north and south highway is vague and indefinite as to numbers and in view of the positive finding that the ground east of the highway, selected before the road was in operation, as the place to receive and discharge passengers, had not been used for that purpose, the fair and reasonable construction of the answers when considered together, is that the portion of the road so selected had not been generally used for the purpose for which it was selected, but that in rare instances a few passengers had been taken on or let off the cars at a point east of the east line of the north and south highway, upon the portion of the road so selected as aforesaid. The mere selection of such place, followed by continued failure to use it for the purpose intended, is insufficient to bring the case within any of the recognized exceptions which would relieve appellant from building and maintaining fences, and cattle guards, as required by the law, at the place described in the complaint. *Indianapolis, etc., R. Co.* v. *Crandall* (1877), 58 Ind. 365, 366; *Indiana, etc., R. Co.* v. *Quick* (1887), 109 Ind. 295, 298, 9 N. E. 788, 925; *Bechdolt* v. *Grand Rapids, etc., R. Co.* (1888), 113 Ind. 343, 348, 15 N. E. 686. The allegations of the complaint bring the case within the provisions of the statute, and show that appellant was required to build and maintain fences and cattle guards at said place and that it failed so to do, which failure resulted in the killing of appellee's horse  Proof of these facts establishes liability for the violation of a statutory duty.

The answers to the interrogatories are not in irreconcilable conflict with the general verdict. On the facts as presented, the statute requires appellant to fence its road and build cattle guards. *Stewart* v. *Pennsylvania Co.* (1891), 2 Ind. App. 142, 28 N. E. 211, 50 Am. St. 231; *Jeffersonville, etc., R. Co.* v. *Peters* (1891), 1 Ind. App. 69, 27 N. E. 299.

Appellant also contends that the verdict of the jury is not sustained by sufficient evidence. The evidence is undisputed that appellant prior to the operation of the road had selected a part of its right of way immediately east of the north and south road and north of Bement's residence as the place to receive and discharge passengers. There is evidence to show that some passengers boarded and alighted from cars on that part of the right of way so selected. Also that there was no platform or buildings, or other evidence of a station, except a sign on a post or pole on the west side of the road, and the fact, that passengers were received and discharged at that point, and usually in the north and south highway. Bement's yard was fenced and had a gate opening to the north or in the direction of the Chicago road. The ground was high and an embankment extended out into the highway. There was a space of ground four or five feet wide north of the yard fence and south of appellant's right of way, over which the horse entered upon the track. It is not disputed that the south side of appellant's right of way did not touch any highway and was unfenced for ten rods or more east of the north and south highway; that there was no fence on the east side of said north and south highway, north of Bement's yard fence and south of appellant's road; that no cattle guards were maintained by appellant at the east side of said highway. There was also evidence to show that Bement's road was not designated as a stop on appellant's printed cash fare slips until after the accident, and that no freight had been shipped from that point prior thereto.

For all practical purposes, up to the time of this accident, the crossing was an ordinary stop on an interurban road with nothing to indicate it but a sign on a pole and the crossroads. Though it be undisputed that before operation of the road began, appellant contemplated making provision for a station at this point, such proposition does not of itself show the establishment of a station, or the location of station grounds in such sense as to excuse appellant from compliance with the statute. The law contemplates compliance with the statute, except in cases where fencing would interfere with the business and operations of the company, the safety of its employes in the discharge of its duty to the public, the convenience of the public, or where the use of some public highway or grounds would be prevented or interfered with by strict compliance with the statute. *Indiana, etc., R. Co.* v. *Hale* (1884), 93 Ind. 79, 82. The exception for which appellant contends, is one read into the statute by the courts to give practical working effect to the statute without interfering with the practical operations of such companies as common carriers, or with the convenience of the public. *Jeffersonville, etc., R. Co.* v. *Peters, supra,* 71. The burden was on appellant to prove that at the point in question its property came within the exception. *Fort Wayne, etc., R. Co.* v. *Herbold* (1884), 99 Ind. 91, 93.

The finding was against it and there is ample evidence to warrant the verdict of the jury which in effect says the place in question was not used as station grounds, and that compliance with the statute would not interfere with the practical operation of the road in the discharge of the company's duty to the public as a common carrier, or with the convenience of the public. The question of the use of the grounds claimed to be within the exception was material and could only be determined from the evidence. The use made of the ground furnishes the

reason for the exception and where the reason for the exception does not exist, the exception will not be made. *Jeffersonville, etc., R. Co.* v. *Peters, supra; Stewart* v. *Pennsylvania Co., supra; Cox* v. *Minneapolis, etc., R. Co.* (1889), 41 Minn. 101, 42 N. W. 924; *Rhines* v. *Chicago, etc., R. Co.* (1888), 75 Iowa 597, 39 N. W. 912, 913; *Wilmot* v. *Oregon R. Co.* (1906), 48 Ore. 494, 87 Pac. 528, 7 L. R. A. (N. S.) 202, 120 Am. St. 840, 11 Ann. Cas. 18; *Duncan* v. *St. Louis, etc., R. Co.* (1905), 111 Mo. App. 193, 85 S. W. 661; *Cole* v. *Chicago, etc., R. Co.* (1874), 38 Iowa 311, 314; *Schneekloth* v. *Chicago, etc., R. Co.* (1895), 108 Mich. 1, 3, 65 N. W. 663.

We have examined the questions relating to the instructions and the evidence, and find no reversible error. The defense was based on the proposition that the horse
7.   entered upon the right of way over station grounds which appellant was not bound to fence, and appellee contended that the grounds so designated were not station grounds within the meaning of the law. Evidence was received from both sides relating to the location, adaptability and use of the alleged station grounds prior to and at the time of the accident. There is evidence to support the finding on all material points and we can not therefore disturb the verdict. *Fort Wayne, etc., R. Co.* v. *Herbold, supra,* 94.

The instructions fairly and accurately covered the issues and the questions made by the evidence. The errors, if any, were not influential. The case seems to have been fairly tried and substantial justice to have been done between the parties. Judgment affirmed.

Note.—Reported in 105 N. E. 250. As to duty of railroad company to maintain fences and cattle guards, see 21 Am. St. 289. See, also, under (1) 33 Cyc. 1257, 1267; (2) 38 Cyc. 1927; (3) 33 Cyc. 1293; (4, 6) 33 Cyc. 1186; (5) 33 Cyc. 1278; (7) 3 Cyc. 348.