## GITHENS v. McDONNELL, ET AL.

[No. 2,971. Filed March 29, 1900.]

EVIDENCE.—*Weight.*—*Appeal and Error.*—A cause will not be reversed on the evidence where there was some evidence supporting the verdict upon every issue presented. *p. 398.*

SAME.—*Opinion Evidence.*—In the trial of an action on a contract for the construction of a monument, it was a question for the jury to determine from all of the evidence whether the shades of the monument erected were the shades produced by the best Westerly granite when properly combined in such a monument as the contract called for, and the opinion of a witness as to what extent the shade of color of the granite ought to be the same was improper. *pp. 398, 399.*

From the Marion Superior Court.  *Affirmed.*

*J. S. Duncan, C. W. Smith, H. M. Hornbrook* and *Albert Smith,* for appellant.

*J. B. Kealing, M. M. Hugg* and *H. N. Spaan,* for appellees.

HENLEY, J.—Action by appellees, plaintiffs below, against appellant upon a written contract for the purchase of a monument.  The contract which is the foundation of the action is as follows:  "An article of agreement, made this 26th day of December, 1892, by and between McDonnell & Sons, granite dealers, Buffalo, N. Y., and Mrs. M. E. Githens, of Indianapolis, county of Marion, State of Indiana, witnesseth:  That the said party of the first part agrees to furnish the said party of the second part one best quality of Westerly granite monument of the following dimensions:  Thirty-one feet high, and the lower base to be of same granite seven feet by seven feet at the ground. Said McDonnell & Sons agree to engrave on said monument name and inscriptions, 'Githens,' on third base, in nice, raised letters.  This monument is to be made like Cory design.  Faces of die polished and traced as shown on design.  All the rest of the monument to be fine axed, in the best workmanship that is done in the granite trade. There are to be two markers to go with this work.  Markers to be like marker 'Annie' in book.  Two corner posts polished on top.  Name and number of lot to be cut on top of posts.  Inscriptions to go on top of markers.  Mrs. M. E. Githens is to have six months' or one year's time on this contract, but, if prepared, will pay part when the work is set.   McDonnell & Sons are to furnish foundations and erect the work.  The said monument to be delivered Crown Hill cemetery, Indianapolis, county of Marion, State of Indiana, in September, 1893, or as soon thereafter as possible, in a good workmanlike manner, for which Mrs. M. E. Githens agrees to pay to McDonnell & Sons, or order,

$2,500, on delivery of the above described work, without any relief whatever from valuation or appraisement laws; and further agrees that the above described work shall remain the property of McDonnell & Sons, with the right to remove and hold the same until fully paid for. No agreement other than as herein written will be binding in this contract. No payment on the above will be allowed, other than as above agreed, unless the same is acknowledged by receipt in writing on this contract. In witness whereof, the parties herein mentioned have set their hands this 26th day of December, 1892. McDonnell & Sons, By H. Myers. M. E. Githens."

This contract is made a part of the complaint. It is alleged that appellees have in all things complied with the terms of the contract upon their part, but that appellant has wholly failed and refused to accept the monument furnished under said contract, and refuses to pay for the same; that the contract price, to wit, $2,500, is due and unpaid, together with interest from the date said principal became due. Judgment is demanded in the sum of $3,500.

Appellant answered in three paragraphs, and also filed three paragraphs of cross-complaint. The first paragraph of answer is a general denial; the second and third paragraphs of answer and the first, second, and third paragraphs of cross-complaint allege substantially the same facts. The affirmative relief asked in each paragraph of cross-complaint is that the contract be canceled, and that appellees be required to take down said monument and remove it from her lot. Each paragraph of answer and cross-complaint avers that appellees violated the terms of the contract of sale in various particulars, in each of said paragraphs specifically set forth. It would serve no good purpose to set out more fully in this opinion the material averments of the complaint and answers. No question as to the sufficiency of the pleadings is raised. Appellees filed a reply in general denial, which completed the issues.

There was a trial by jury, which resulted in a verdict and judgment in favor of appellees. Appellant's motion for a new trial was overruled.

The overruling of the motion for a new trial is the only question presented to this court by the assignment of errors. Counsel insist that the verdict is not sustained by sufficient evidence. We have examined with care the voluminous record of nearly 1,000 pages. Upon every issue presented there is evidence supporting the verdict of the. jury. The evidence is sharply conflicting. The jury passed upon the weight of the evidence, and their verdict can not be disturbed by this court.

Counsel next insist that the lower court erred in sustaining appellees' objection to the following question propounded to Charles A. Goth, one of appellant's witnesses: Q. "To make a monument of the size and dimensions of the Githen's monument, of the best Westerly granite, to what extent ought the shade of color of the granite be the same?" We think the objection was properly sustained. The proposition involved in the question was one that belonged to the jury. It was for the jury to determine from all the evidence whether the shades of color in the monument erected by appellees for appellant were the shades produced by the best Westerly granite, when properly combined in such a monument as the contract called for. Witness had testified that the monument erected for appellant was not uniform in shade of color, that the different colors were not properly combined, and that the improper combination had destroyed the artistic effect, so that in any event the jury had the effect of the evidence sought by the question refused. It is the general rule that a witness cannot express an opinion upon a point which it is the duty of the jury to determine. *Chicago, etc., R. Co.* v. *Modesitt*, 124 Ind. 212.

It was not error for the court to refuse to permit appellant to answer the question, "What did you direct the Chis-

letts to do?" What the Chisletts actually did by order of appellant is in evidence. What appellant said to another in the absence of appellees would not be binding upon appellees in any way, and could not be used by her to bolster up her own cause. The exclusion of the last question complained of, if error, was harmless, as the witness to whom it was addressed had already testified to the fact sought to be elicited thereby. We find no error.

Judgment affirmed.